1  Mitchell F. Boomer (State Bar No. 121441)
   Cara Ching-Senaha (State Bar No. 209467)
2  JACKSON LEWIS LLP
   199 Fremont Street, 10th Floor
3  San Francisco, California 94105
   Telephone: (415) 394-9400
4  Facsimile: (415) 394-9401
   boomerm@jacksonlewis.com
5
   Attorneys for Defendant
6  COGNOS CORPORATION

7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11  RANDY ACRES, an Individual,              Case No. CV08-3926MHP

12            Plaintiff,                      **NOTICE OF NOTICE TO STATE
                                              COURT AND TO ADVERSE PARTY**
13       v.                                   **OF REMOVAL OF ACTION UNDER
                                              28 U.S.C. SECTIONS 1332 AND**
14  COGNOS CORPORATION, a business entity;    **1441(B) [DIVERSITY JURISDICTION]**
    and DOES 1-25, inclusive,
15                                            Complaint Filed:   05/20/2008
            Defendants.
16

17

18  TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN

19  DISTRICT OF CALIFORNIA:

20       PLEASE TAKE NOTICE that defendant COGNOS CORPORATION ("Defendant" or

21  "COGNOS") filed a Notice to State Court and to Adverse Party of Removal of Action Under 28

22  U.S.C. §§ 1332 AND 1441 (b) [Diversity Jurisdiction] in the Superior Court of the State of

23  California, County of San Francisco on August 18, 2008. A copy of Defendant's Notice to State

24  Court and to Adverse Party of Removal of Action Under 28 U.S.C. §§ 1332 And 1441(b) is

25  attached as Exhibit "A" to this Notice.

26  //

27  //

28  //

**NOTICE OF NOTICE TO STATE COURT AND TO
ADVERSE PARTY OF REMOVAL OF ACTION**          U.S.D.C. Case No. CV08-3926MHP

1    DATED: August 18, 2008          Respectfully submitted,

2                                    JACKSON LEWIS LLP

3

4                                    By _Cara Ching-l_____

5                                    Mitchell F. Boomer
                                     Cara Ching-Senaha
6                                    Attorneys for Defendant
                                     COGNOS CORPORATION

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

# EXHIBIT A

1   Mitchell F. Boomer (State Bar No. 121441)
     Cara Ching-Senaha (State Bar No. 206671)
2   JACKSON LEWIS LLP
     199 Fremont Street, 10th Floor
3   San Francisco, California 94105
     Telephone: (415) 394-9400
4   Facsimile: (415) 394-9401

5   Attorneys for Defendant
     COGNOS CORPORATION

6

7

**ENDORSED**
**F I L E D**
Superior Court of California
County of San Francisco

AUG. 1 8 2008

GORDON PARK-LI, Clerk
BY: CAROLYN BALISTRERI
Deputy Clerk

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9        COUNTY OF SAN FRANCISCO – UNLIMITED CIVIL JURISDICTION

10

| | |
|---|---|
| 11  RANDY ACRES, an Individual, | Case No.  CGC-08-475517 |
| 12          Plaintiff, | **DEFENDANT COGNOS CORPORATION'S NOTICE TO** |
| 13      v. | **STATE COURT AND TO ADVERSE PARTIES OF FILING OF NOTICE OF** |
| 14  COGNOS CORPORATION, a business entity; and DOES 1-25, inclusive, | **REMOVAL OF ACTION TO FEDERAL COURT** |
| 15 | |
| 16          Defendants. | Complaint Filed:   05/20/2008 |

17  TO THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN

18  FRANCISCO, AND TO PLAINTIFF RANDY ACRES AND TO HIS ATTORNEYS OF

19  RECORD:

20          PLEASE TAKE NOTICE that on August 18, 2008, Defendant COGNOS

21  CORPORATION (hereinafter "Defendant" or "COGNOS") filed a Notice of Removal of this

22  action in the United States District Court for the Northern District of California, Case No. CV-08-

23  3926 MHP.  A true and correct copy of Defendant's Notice of Removal is attached hereto as

24  **Exhibit 1**.

25          Attached hereto as **Exhibit 2** are the Civil Cover Sheet, Certificate of Interested

26  Parties, and Proof of Service corresponding to the removal action filed in U.S. District Court.

27  / / /

28

1

1    Pursuant to 28 U.S.C. Section 1446(d), the filing of the attached Notice of

2  Removal with the United States District Court effects the removal of this action and the above-

3  captioned court may proceed no further unless and until the case is remanded by the federal court.

4    Respectfully Submitted,

5  Dated: August 18, 2008    JACKSON LEWIS LLP

6

7    By:    _Cara Ching-S_____

8    Mitchell F. Boomer
     Cara Ching-Senaha
9    Attorneys for Defendant
     COGNOS CORPORATION

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

1

## PROOF OF SERVICE

2       I, Marianne Solano, declare that I am employed with the law firm of Jackson

3   Lewis LLP, whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I

4   am over the age of eighteen (18) years and am not a party to this action.

5       On August 18, 2008, I served the attached **DEFENDANT COGNOS**

6   **CORPORATION'S NOTICE OF STATE COURT AND TO ADVERSE PARTIES OF**

7   **FILING OF NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT** in this action

8   by placing a true and correct copy thereof, enclosed in a sealed envelope addressed as follows:

9   Michael T. Welch

10  Law Offices of Michael T. Welch
    Four Embarcadero Center, 39th Floor

11  San Francisco, CA 94111
    Tel: 415-399-1500

12  Fax: 415-399-0445

13  [ X ]  <u>BY MAIL</u>:  United States Postal Service by placing sealed envelopes with the postage
    thereon fully prepaid, placed for collection and mailing on this date, following ordinary

14  business practices, in the United States mail at San Francisco, California.  [( ) *Courtesy*

15  *copy by fax.*]

16  [ ]  <u>BY HAND DELIVERY</u>:  I caused such envelope(s) to be delivered by hand to the above
    address.

17  [ ]  <u>BY OVERNIGHT DELIVERY</u>:  I caused such envelope(s) to be delivered to the above

18  address within 24 hours by overnight delivery service.

19  [ ]  <u>BY FACSIMILE</u>:  I caused such document to be transmitted by facsimile from our fax
    number (415) 394-9401 to the fax number indicated above (by written agreement,

20  confirming letter dated and signed MM/DD/YY).

21      I declare under penalty of perjury under the laws of the State of California that the

22  above is true and correct.

23      Executed on August 18, 2008, at San Francisco, California.

24

25

26                  / Marianne Solano

27

28

PROOF OF SERVICE                                   Case No. CGC-08-475517

# Exhibit 1

1  Mitchell F. Boomer (State Bar No. 121441)
2  Cara Ching-Senaha (State Bar No. 209467)
   JACKSON LEWIS LLP
3  199 Fremont Street, 10th Floor
   San Francisco, California 94105
4  Telephone: (415) 394-9400
   Facsimile: (415) 394-9401
5  boomerm@jacksonlewis.com

6  Attorneys for Defendant
   COGNOS CORPORATION

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  RANDY ACRES, an Individual,            Case No.     CV 08   3926

12                    Plaintiff,
                                           NOTICE OF REMOVAL OF ACTION
13      v.                                 TO FEDERAL COURT
                                           [28 U.S.C. §§ 1441(a)]
14  COGNOS CORPORATION, a business entity;
    and DOES 1-25, inclusive,              Complaint Filed:   05/20/2008
15
                    Defendants.
16

17

18  TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN

19  DISTRICT OF CALIFORNIA:

20          PLEASE TAKE NOTICE that Defendant COGNOS CORPORATION

21  (hereinafter "Defendant" or "COGNOS") hereby removes to this Court the state court action

22  described below:

23          1.      On May 20, 2008, Plaintiff RANDY ACRES ("Plaintiff") commenced the

24  action entitled Randy Acres v. Cognos Corporation, a business entity; and DOES 1 through 25,

25  Inclusive, by filing a complaint ("Complaint") against Defendant in the Superior Court of the

26  State of California, County of San Francisco, Case No. CGC-08-475517.

27          2.      Plaintiff's Complaint alleges the following causes of action: (1) breach of

28  the implied covenant of good faith and fair dealing; (2) breach of contract; (3) fraud; and (4)

NOTICE OF REMOVAL                          1
                                           U.S.D.C. Case No. _____

1  wrongful termination in violation of public policy.

2      3.      Defendant first received a copy of the Complaint on July 21, 2008, when

3  Defendant was served with a copy of the Summons and Complaint. A true and correct copy of

4  the Summons and Complaint are attached hereto as **Exhibit A**. A true copy of the case file from

5  the San Francisco Superior Court, which includes an additional copy of the Complaint, as well

6  as Defendant's Answer to the Complaint timely-filed on August 12, 2008, is attached hereto

7  collectively as **Exhibit B**.

8      4.      This Notice of Removal has been timely filed under 28 U.S.C. Section

9  1446(b) because it was filed within 30 days after Defendant's receipt of Plaintiff's Complaint.

10      5.      No further proceedings have occurred in the state action, other than the

11  filing of the Complaint and Answer.

12      6.      This action is a civil action which may be removed to this Court by

13  Defendant pursuant to the provisions of the 28 U.S.C. Section 1441(a) in that, as shown below,

14  it is a civil action between citizens of different states and the matter in controversy exceeds the

15  sum of $75,000, exclusive of interest and costs.

16      7.      Without conceding that Plaintiff is entitled to damages or could recover

17  damages in any amount, the amount in controversy in this action exceeds $75,000 based on the

18  following: Plaintiff seeks payment of commissions and bonuses he alleges were due him, in an

19  amount not less than $250,000 (Complaint at ¶¶16, 20). Plaintiff also seeks past and future lost

20  income and benefits, "damages for humiliation, embarrassment, severe mental and emotional

21  distress, and discomfort" in an amount not less than $500,000 (Complaint at ¶ 29). In addition,

22  Plaintiff seeks punitive damages (Complaint at ¶ 7, Prayer at ¶ 3) and an award of attorneys'

23  fees (Prayer For Relief ¶5).

24      8.      Without conceding that Plaintiff was a resident of California at all times

25  relevant to the litigation, this action is between citizens of different states, in that Plaintiff Randy

26  Acres alleges in his court Complaint that he was a resident of the State of California at the time

27  this action commenced. Defendant COGNOS states on information and belief that Plaintiff does

28  not currently reside or work in the State of California at the time he filed the Complaint, nor at

---

NOTICE OF REMOVAL

2

U.S.D.C. Case No. _____

1  the time he filed the Complaint.

2      9.    Defendant COGNOS was at the time the action commenced, and still is, a

3  citizen of the State of Massachusetts under 28 U.S.C. Section 1332(c), in that its principal place

4  of business and its headquarters in the United States were, and still are, in the State of

5  Massachusetts.  COGNOS was and is a Delaware Corporation.

6      10.   The inclusion of "Doe" defendants in the state court complaint has no

7  effect on removability.  In determining whether diversity of citizenship exists, only the named

8  defendants are considered.  28 U.S.C. Section 1441(a).

9      11.   Venue is proper in the United States District Court for the Northern

10 District of California, pursuant to 28 U.S.C. Section 1441(a) and Section 1391(a) because the

11 state action was filed in San Francisco County, a county within this judicial district.

12     12.   For all the foregoing reasons, this Court has jurisdiction over this matter

13 under 28 U.S.C. sections 1332 and 1441(a).

14     WHEREFORE, Defendant prays that the above action now pending against it in

15 the Superior Court for the State of California, County of San Francisco, be removed to this

16 Court's San Francisco Division.

17 DATED: August 18, 2008              Respectfully submitted,

18                                     JACKSON LEWIS LLP

19

20                                     By Cara Ching-S

21                                     Mitchell F. Boomer
                                       Cara Ching-Senaha
22                                     Attorneys for Defendant
                                       COGNOS CORPORATION

23

24

25

26

27

28

NOTICE OF REMOVAL                    U.S.D.C. Case No. _____

1

## CERTIFICATE OF SERVICE

2

Case Name:    Randy Acres v. Cognos Corporation, et al.
Case No.:      USDC-ND _____

3

4        I, Marianne Solano, declare that I am employed with the law firm of Jackson

5    Lewis LLP, whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I

        am over the age of eighteen (18) years and am not a party to this action.

6

7        On August 18, 2008, I served the attached NOTICE OF REMOVAL OF ACTION

    TO FEDERAL COURT in this action by placing a true and correct copy thereof, enclosed in a

8    sealed envelope addressed as follows:

9
    Michael T. Welch
10    Law Offices of Michael T.Welch
    Four Embarcadero Center, 39th Floor
11    San Francisco CA 94111
    415-399-1500 tel
12    415-399-0445 fax

13    [ x ]    BY MAIL:  United States Postal Service by placing sealed envelopes with the postage
            thereon fully prepaid, placed for collection and mailing on this date, following ordinary
14            business practices, in the United States mail at San Francisco, California.  [( ) *Courtesy*
            *copy by fax*.]
15

16    [ ]    BY HAND DELIVERY: I caused such envelope(s) to be delivered by hand to the above
            address.
17

18    [ ]    BY OVERNIGHT DELIVERY:  I caused such envelope(s) to be delivered to the above
            address within 24 hours by overnight delivery service.
19

20    [ ]    BY FACSIMILE: I caused such document to be transmitted by facsimile from our fax
            number (415) 394-9401 to the fax number indicated above (by written agreement,
21            confirming letter dated and signed MM/DD/YY).

22        I declare that I am employed in the office of a member of the bar of this Court at

23    whose direction the service was made.

24        Executed on August 18, 2008, at San Francisco, California.

25

26                                            _____
                                                Marianne Solano
27

28

CERTIFICATE OF SERVICE                                    Case No. _____
C

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACIÓN JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COGNOS CORPORATION, a business entity; and DOES 1-25,
inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
RANDY ACRES, an Individual,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
  There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
  Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Francisco County Superior Court
400 McAllister St.
San Francisco, CA 94102

CASE NUMBER: CGC - 08 - 475517
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael Welch; Law Offices of Michael Welch; Four Embarcadero Center, 39th Floor; San Francisco, CA
94111; Tel: (415)399-1500

GORDON PARK-LI

DATE:                                              Clerk, by                                          , Deputy
*(Fecha)* MAY 2 0 2008                            *(Secretario)*    CRISTINA E. BAUTISTA    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): *Cognos Corporation*

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

SUMMONS

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

1  Michael T. Welch (#122630)                        CASE MANAGEMENT CONFERENCE SET
2  LAW OFFICES OF MICHAEL T. WELCH
   Four Embarcadero Center, 39th Floor              ENDORSED
3  San Francisco, California 94111                  F I L E D                OCT 1 7 2008 - 9:00 AM
   Telephone:   (415)399-1500                       Superior Court of California
4  Facsimile:   (415)399-0445                       County of San Francisco

   Attorneys for Plaintiff                          MAY 2 0 2008          DEPARTMENT 212
5  RANDY ACRES
                                                    GORDON PARK-LI Clerk
6                                                   BY: CHRISTINA E. BAUTISTA
                                                        Deputy Clerk
7

8                    SUPERIOR COURT - STATE OF CALIFORNIA

9          COUNTY OF SAN FRANCISCO - UNLIMITED CIVIL JURISDICTION

10                                                  CGC - 0 8 - 4 7 5 5 7 7
11  RANDY ACRES, an Individual,          )          CASE NO.
                                         )
12                      Plaintiff,       )          COMPLAINT FOR BREACH OF
                                         )          IMPLIED COVENANT OF GOOD
13         v.                            )          FAITH AND FAIR DEALING;
                                         )          BREACH OF CONTRACT; FRAUD;
14  COGNOS CORPORATION, a business entity; )        WRONGFUL TERMINATION IN
    and DOES 1- 25, inclusive,           )          VIOLATION OF PUBLIC POLICY
15                                       )
                        Defendants.      )
16                                       )
                                         )
17                                       )          Jury Trial Demanded
                                         )
18  _____  )

19

20      Plaintiff alleges the following facts:

21      1.  Plaintiff RANDY ACRES is an individual, and at all relevant times herein was a

22  resident of California.

23      2.  Plaintiff is informed and believes, and thereon alleges, that defendant COGNOS

24  CORPORATION ("COGNOS") is, and at all times herein mentioned was, a corporation,

25  with offices in California that is not qualified to do business, and/or has not designated a

26  principal office, in this State, so that venue is proper in the County of San Francisco.

27      3.  Plaintiff is ignorant of the true names and capacities of defendants sued herein

28  as DOES 1 through 50, inclusive, and therefore sues those defendants by such fictitious

                                    -1-

                                 COMPLAINT

1  names.. Plaintiff will amend this complaint to allege their true names and capacities when

2  they are ascertained.  Plaintiff is informed and believes and thereon alleges that each of the

3  fictitiously named defendants is responsible in some manner for the wrongful conduct

4  herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by

5  that conduct.

6      4.  At all times herein mentioned, each of the defendants discussed above was and

7  is the agent, servant, representative and/or employee of each of the other defendants, and

8  all of the acts alleged to have been done by said defendants were done in the capacity of

9  and as agent for each of the other defendants.

10              FACTS COMMON TO ALL CAUSES OF ACTION

11      5.  In or around June, 2007, plaintiff was offered, and accepted, employment with

12  Applix, Inc. ("Applix"), a software company, and the predecessor in interest of defendant

13  COGNOS, in the position of Vice-President of Business Development for the Asia-Pacific

14  region.  Prior to joining Applix, plaintiff had served in significant executive roles,

15  including Chief Financial Officer, for other U.S. technology companies in their Asia-

16  Pacific regions, which equipped him with substantial financial and market knowledge of

17  companies within this industry and geographic sector.

18      6.  Applix induced plaintiff to join Applix based on several significant

19  representations and assurances regarding his compensation, his scope of responsibility and

20  authority, and his opportunities and timetable for advancement, promotions and increased

21  remuneration and benefits.  Applix represented to plaintiff, among other things, that he

22  would quickly be elevated to a position as Vice-President for his region, in place of the

23  then-current manager, Mr. Howald.  Applix further assured plaintiff that he would be

24  provided with full support, information, and resources from within the company to assist

25  plaintiff in his job responsibilities and to maximize his opportunities to be successful and

26  achieve his company and personal goals, including his financial incentives and rewards for

27  good performance.

28

-2-

COMPLAINT

7.  Among plaintiff's most important duties and tasks in his new position at Applix was to try to identify and develop sales and business partners within his region, particularly in China and East Asia, and expand Applix's relationships in that area.  However, plaintiff repeatedly and consistently encountered various obstacles and delays from his own management at Applix that obstructed and frustrated plaintiff's efforts to obtain needed information about existing relationships with partners, and to try to arrange and develop new ones.  Plaintiff was similarly denied resources and support for this purpose, and was even provided with misinformation or information that he later learned was known to be false by his immediate managers.

8.  In the course of reviewing these unexplained problems and obstructions, and questioning his managers and colleagues to try to obtain the information he needed to do his job, plaintiff learned of questionable and suspicious reputed transactions and arrangements with other local "business partners" of his company, that had been entered into or maintained by others at Applix, including, on information and belief, one or more of plaintiff's managers.  However, when plaintiff sought to obtain information about these individuals and their operations, and the specific nature of their relationship with Applix and their adherence to and qualifications under Applix's guidelines and legal and ethical requirements, plaintiff was blocked in his inquiries by his manager.

9.  Plaintiff also came to learn that he had been misled and provided false information from his managers about his own initial and future position and responsibilities at Applix, that contradicted the assurances and representations made to him when he accepted employment at Applix.  This continued after Applix was acquired by defendant COGNOS, approximately four months after plaintiff commenced his employment with Applix.  COGNOS made public assurances that no employees would lose their jobs as a result of this acquisition.  Plaintiff was also directly assured by senior managers of COGNOS that it had numerous positions available, including not only plaintiff's then-current position, but comparable additional positions in the Asia-Pacific

-3-

COMPLAINT

1  region.

2      10.  In reliance on these assurances, plaintiff requested and received from

3  COGNOS an offer of a position that provided him similar compensation as he had received

4  before the acquisition, with representations of further opportunities for advancement due to

5  the increased size and reach of COGNOS.  However, shortly after plaintiff received this

6  offer, COGNOS abruptly notified him that it was canceling and revoking the offer for the

7  new position.  Only several weeks after revoking this offer, COGNOS notified plaintiff that

8  it was terminating his employment altogether.

9                          FIRST CAUSE OF ACTION
                    (Breach of Implied Covenant of Fair Dealing)

10

11      11.  Plaintiff realleges and incorporates by reference, as though fully set forth, the

    allegations contained in paragraphs 1 through 10 of the Complaint.

12

13      12.  At all relevant times during plaintiff's employment with COGNOS

14  ("COGNOS", as used herein, is intended to refer to any predecessor or successor entities as

    well, unless otherwise indicated), there was an implied agreement, as a result of plaintiff's

15  employment and consideration in providing services and leaving and foregoing other

16  employment opportunities, between plaintiff and defendant COGNOS.  That agreement

17  contained an implied covenant of good faith and fair dealing that neither party would do

18  anything to deprive the other of the benefits of the employment agreement, and would do

19  what was reasonably required to enable or allow the other party to perform his / its duties

20  under the agreement.

21      13.  Defendant COGNOS breached this implied covenant of good faith and fair

22  dealing by, *inter alia*, systematically depriving plaintiff of information and support, and

23  obstructing his efforts to obtain information and support, from COGNOS that was

24  necessary for plaintiff to perform his employment duties, and to generate increased revenue

25  opportunities for the benefit of defendant and plaintiff.

26      14.  As a direct and proximate result of defendant's breach of this implied

27  covenant of good faith and fair dealing, plaintiff has suffered compensatory damages, in an

28

                                    -4-

1    amount to be proved at trial.

2                    SECOND CAUSE OF ACTION
                          (Breach of Contract)
3
4        15.  Plaintiff realleges and incorporates by reference, as though fully set forth, the

5    allegations contained in paragraphs 1 through 14 of the Complaint.

6        16.  In or around August, 2007, plaintiff entered into a written agreement with

7    defendant COGNOS that provided for employment compensation to plaintiff, including a

8    base salary and incentive compensation in the form of commissions and bonuses, based

9    largely on the revenue generated in plaintiff's designated Territory, and its relationship to

10   company targets and objectives.  Under the terms of this compensation plan and agreement

11   plaintiff was entitled to receive commissions and bonuses generated by COGNOS within

12   the territory through December 31, 2007.

13       17.  Following the commencement of this agreement, defendant subsequently

14   modified it by promising plaintiff and other managers in his region that the time period

15   covered by this compensation plan and agreement would be extended by two months,

16   through the end of February, 2008.

17       18.  Plaintiff has performed all obligations and duties required of him to be

18   performed, except for those that he was prevented or excused from performing by the acts

19   of defendant COGNOS.

20       19.  Defendant COGNOS has breached this agreement, by failing and refusing to

21   pay plaintiff all compensation due and owing to him under the revised and extended

22   compensation plan and agreement.

23       20.  As a direct and proximate result of defendant's breach of the compensation

24   agreement, plaintiff has incurred and suffered damages in an amount to be proved at trial,

25   but not less than $250,000.

26                    THIRD CAUSE OF ACTION
                              (Fraud)
27       21.  Plaintiff realleges, and incorporates by reference as though fully set forth, the

28

-5-

COMPLAINT

1    allegations contained in paragraphs 1 through 20 of the Complaint.

2         22.   In order to induce plaintiff to leave his prior employment and enter into an

3    employment relationship and compensation agreement with defendant COGNOS,

4    defendant COGNOS made various representations to plaintiff regarding the company, his

5    position, his duties and responsibilities, and his advancement and retention at the company.

6    These representations included the assurances that he would be fully supported by

7    COGNOS and provided all resources and information reasonably related to his position

8    and responsibilities, and reasonably requested by him to perform his employment tasks and

9    duties.

10        23.  Defendant also orally represented to and assured plaintiff that it expected and

11   planned to elevate him to a higher management position within a short time after his

12   commencement of employment at COGNOS.  Additionally, after plaintiff commenced his

13   employment at COGNOS (through its predecessor, Applix), defendant orally represented to

14   plaintiff that there were no plans or decisions made with respect to the future role or

15   position of any of the existing managers in light of COGNOS's acquisition and absorption

16   of Applix, and that in any event plaintiff would be provided a position at COGNOS with

17   comparable duties, compensation and opportunities to those he had prior to COGNOS's

18   acquisition of Applix.

19        24.   Plaintiff is informed and believes, and thereon alleges, that the above

20   representations were false at the time they were made, and were made with knowledge of

21   their falsity by defendant COGNOS.

22        25.   Plaintiff reasonably and justifiably relied on the foregoing representations to

23   his detriment, and based on such reliance he left his former employer, forewent other

24   economic and employment opportunities, and failed to take further measures (including

25   contractual measures) to ensure his continued employment and advancement at COGNOS.

26

27

28

-6-

COMPLAINT

### FOURTH CAUSE OF ACTION
#### (Wrongful Termination in Violation of Public Policy)

26.  Plaintiff realleges and incorporates by reference, as though fully set forth, the allegations in paragraphs 1 through 25 of the Complaint.

27.  At all relevant times herein mentioned, there existed fundamental and established public policies, as codified by statute, including, *inter alia*, the following policies and corresponding statutes: protection of citizens from fraud, as set forth in Civ. Code Sec. 1709; protection of employees from misrepresentations in order to persuade them to relocate, set forth in Labor Code Sec. 970; and prohibition of unfair, unlawful or fraudulent business practices, set forth in Bus. & Prof. Code Sec. 17200, *et seq.*; and protection of employees' right to payment of compensation due and owing to them, set forth in Labor Code Sec. 200, *et seq.*

28.  Defendant COGNOS has violated the aforestated public policies by terminating plaintiff's employment, based, without limitation, on one or more of the following unlawful grounds: (1) fraudulent representations to plaintiff regarding his employment at COGNOS, and plaintiff's objections to them; (2) plaintiff's stated concerns, questions and attempted investigation regarding suspected unlawful or fraudulent business practices; and (3) to avoid defendant's obligations to pay plaintiff additional incentive compensation owing to plaintiff.

29.  As a direct and proximate result of defendants' wrongful termination of plaintiff's employment, in violation of the public policies of the State of California, plaintiff has suffered damages, including past and future lost income and benefits to which he was entitled in his prior position at COGNOS, and damages from humiliation, embarrassment, severe mental and emotional distress, and discomfort, in an amount to be determined at trial, but not less than $500,000.

30.  The foregoing acts of defendant were fraudulent, malicious, intentional and oppressive, and plaintiff is therefore entitled to an award of punitive damages against

-7-

COMPLAINT

1  defendant.

2      WHEREFORE, plaintiff requests a jury trial, and prays for relief as follows:

3      1.  For general damages in an amount to be proved at trial, but not less than

4  $700,000;

5      2.  For consequential and special damages, in an amount to be proved at trial;

6      3.  For punitive damages;

7      4.  For attorney's fees and costs of suit;

8      5.  For such other and further relief as the Court may deem just and proper.

9

10

11                          LAW OFFICES OF MICHAEL T. WELCH

12

13

14  Dated: May 3, 2008              By: _____
                                         Michael T. Welch
15                                       Attorney for Plaintiff
                                         RANDY ACRES
16

17

18

19

20

21

22

23

24

25

26

27

28

-8-

COMPLAINT

# EXHIBIT B

1  Michael T. Welch (#122630)
   LAW OFFICES OF MICHAEL T. WELCH
2  Four Embarcadero Center, 39th Floor
   San Francisco, California 94111
3  Telephone:  (415)399-1500
   Facsimile:  (415)399-0445
4
   Attorneys for Plaintiff
5  RANDY ACRES

6

7

8            SUPERIOR COURT - STATE OF CALIFORNIA

9       COUNTY OF SAN FRANCISCO - UNLIMITED CIVIL JURISDICTION

10

11  RANDY ACRES, an Individual;              )   CGC - 0 8 - 4 7 5 5 7 7
                                             )   CASE NO.
12                     Plaintiff,            )
                                             )   COMPLAINT FOR BREACH OF
13          v.                               )   IMPLIED COVENANT OF GOOD
                                             )   FAITH AND FAIR DEALING;
14  COGNOS CORPORATION, a business entity;   )   BREACH OF CONTRACT; FRAUD;
    and DOES 1- 25, inclusive,               )   WRONGFUL TERMINATION IN
15                                           )   VIOLATION OF PUBLIC POLICY
                       Defendants.           )
16                                           )
                                             )
17                                           )   Jury Trial Demanded
                                             )
18  ─────────────────────────────────

19

20      Plaintiff alleges the following facts:

21      1. Plaintiff RANDY ACRES is an individual, and at all relevant times herein was a

22  resident of California.

23      2. Plaintiff is informed and believes, and thereon alleges, that defendant COGNOS

24  CORPORATION ("COGNOS") is, and at all times herein mentioned was, a corporation,

25  with offices in California that is not qualified to do business, and/or has not designated a

26  principal office, in this State, so that venue is proper in the County of San Francisco.

27      3. Plaintiff is ignorant of the true names and capacities of defendants sued herein

28  as DOES 1 through 50, inclusive, and therefore sues those defendants by such fictitious

                                   -1-

                                COMPLAINT

1    names.. Plaintiff will amend this complaint to allege their true names and capacities when

2    they are ascertained. Plaintiff is informed and believes and thereon alleges that each of the

3    fictitiously named defendants is responsible in some manner for the wrongful conduct

4    herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by

5    that conduct.

6        4.    At all times herein mentioned, each of the defendants discussed above was and

7    is the agent, servant, representative and/or employee of each of the other defendants, and

8    all of the acts alleged to have been done by said defendants were done in the capacity of

9    and as agent for each of the other defendants.

10                    **FACTS COMMON TO ALL CAUSES OF ACTION**

11        5.    In or around June, 2007, plaintiff was offered, and accepted, employment with

12    Applix, Inc. ("Applix"), a software company, and the predecessor in interest of defendant

13    COGNOS, in the position of Vice-President of Business Development for the Asia-Pacific

14    region.   Prior to joining Applix, plaintiff had served in significant executive roles,

15    including Chief Financial Officer, for other U.S. technology companies in their Asia-

16    Pacific regions, which equipped him with substantial financial and market knowledge of

17    companies within this industry and geographic sector.

18        6.    Applix induced plaintiff to join Applix based on several significant

19    representations and assurances regarding his compensation, his scope of responsibility and

20    authority, and his opportunities and timetable for advancement, promotions and increased

21    remuneration and benefits. Applix represented to plaintiff, among other things, that he

22    would quickly be elevated to a position as Vice-President for his region, in place of the

23    then-current manager, Mr. Howald. Applix further assured plaintiff that he would be

24    provided with full support, information, and resources from within the company to assist

25    plaintiff in his job responsibilities and to maximize his opportunities to be successful and

26    achieve his company and personal goals, including his financial incentives and rewards for

27    good performance.

28

-2-

COMPLAINT

7.  Among plaintiff's most important duties and tasks in his new position at Applix was to try to identify and develop sales and business partners within his region, particularly in China and East Asia, and expand Applix's relationships in that area. However, plaintiff repeatedly and consistently encountered various obstacles and delays from his own management at Applix that obstructed and frustrated plaintiff's efforts to obtain needed information about existing relationships with partners, and to try to arrange and develop new ones. Plaintiff was similarly denied resources and support for this purpose, and was even provided with misinformation or information that he later learned was known to be false by his immediate managers.

8.  In the course of reviewing these unexplained problems and obstructions, and questioning his managers and colleagues to try to obtain the information he needed to do his job, plaintiff learned of questionable and suspicious reputed transactions and arrangements with other local "business partners" of his company, that had been entered into or maintained by others at Applix, including, on information and belief, one or more of plaintiff's managers. However, when plaintiff sought to obtain information about these individuals and their operations, and the specific nature of their relationship with Applix and their adherence to and qualifications under Applix's guidelines and legal and ethical requirements, plaintiff was blocked in his inquiries by his manager.

9.  Plaintiff also came to learn that he had been misled and provided false information from his managers about his own initial and future position and responsibilities at Applix, that contradicted the assurances and representations made to him when he accepted employment at Applix. This continued after Applix was acquired by defendant COGNOS, approximately four months after plaintiff commenced his employment with Applix.  COGNOS made public assurances that no employees would lose their jobs as a result of this acquisition.  Plaintiff was also directly assured by senior managers of COGNOS that it had numerous positions available, including not only plaintiff's then-current position, but comparable additional positions in the Asia-Pacific

-3-

COMPLAINT

1    region.

2        10.  In reliance on these assurances, plaintiff requested and received from

3    COGNOS an offer of a position that provided him similar compensation as he had received

4    before the acquisition, with representations of further opportunities for advancement due to

5    the increased size and reach of COGNOS.  However, shortly after plaintiff received this

6    offer, COGNOS abruptly notified him that it was canceling and revoking the offer for the

7    new position.  Only several weeks after revoking this offer, COGNOS notified plaintiff that

8    it was terminating his employment altogether.

9                              FIRST CAUSE OF ACTION
                          (Breach of Implied Covenant of Fair Dealing)
10

11       11.  Plaintiff realleges and incorporates by reference, as though fully set forth, the

12    allegations contained in paragraphs 1 through 10 of the Complaint.

13       12.   At all relevant times during plaintiff's employment with COGNOS

14    ("COGNOS", as used herein, is intended to refer to any predecessor or successor entities as

15    well, unless otherwise indicated), there was an implied agreement, as a result of plaintiff's

16    employment and consideration in providing services and leaving and foregoing other

17    employment opportunities, between plaintiff and defendant COGNOS.  That agreement

18    contained an implied covenant of good faith and fair dealing that neither party would do

19    anything to deprive the other of the benefits of the employment agreement, and would do

20    what was reasonably required to enable or allow the other party to perform his / its duties

21    under the agreement.

22       13.  Defendant COGNOS breached this implied covenant of good faith and fair

23    dealing by, *inter alia*, systematically depriving plaintiff of information and support, and

24    obstructing his efforts to obtain information and support, from COGNOS that was

25    necessary for plaintiff to perform his employment duties, and to generate increased revenue

26    opportunities for the benefit of defendant and plaintiff.

27       14.  As a direct and proximate result of defendant's breach of this implied

28    covenant of good faith and fair dealing, plaintiff has suffered compensatory damages, in an

                                    -4-

1    amount to be proved at trial.

2                    SECOND CAUSE OF ACTION
3                        (Breach of Contract)

4        15.  Plaintiff realleges and incorporates by reference, as though fully set forth, the
5    allegations contained in paragraphs 1 through 14 of the Complaint.

6        16.  In or around August, 2007, plaintiff entered into a written agreement with
7    defendant COGNOS that provided for employment compensation to plaintiff, including a
8    base salary and incentive compensation in the form of commissions and bonuses, based
9    largely on the revenue generated in plaintiff's designated Territory, and its relationship to
10   company targets and objectives.  Under the terms of this compensation plan and agreement
11   plaintiff was entitled to receive commissions and bonuses generated by COGNOS within
12   the territory through December 31, 2007.

13       17.  Following the commencement of this agreement, defendant subsequently
14   modified it by promising plaintiff and other managers in his region that the time period
15   covered by this compensation plan and agreement would be extended by two months,
16   through the end of February, 2008.

17       18.  Plaintiff has performed all obligations and duties required of him to be
18   performed, except for those that he was prevented or excused from performing by the acts
19   of defendant COGNOS.

20       19.  Defendant COGNOS has breached this agreement, by failing and refusing to
21   pay plaintiff all compensation due and owing to him under the revised and extended
22   compensation plan and agreement.

23       20.  As a direct and proximate result of defendant's breach of the compensation
24   agreement, plaintiff has incurred and suffered damages in an amount to be proved at trial,
25   but not less than $250,000.

26                      THIRD CAUSE OF ACTION
27                             (Fraud)

28       21.  Plaintiff realleges, and incorporates by reference as though fully set forth, the

                                   -5-

                               COMPLAINT

1    allegations contained in paragraphs 1 through 20 of the Complaint.

2        22.    In order to induce plaintiff to leave his prior employment and enter into an

3    employment relationship and compensation agreement with defendant COGNOS,

4    defendant COGNOS made various representations to plaintiff regarding the company, his

5    position, his duties and responsibilities, and his advancement and retention at the company.

6    These representations included the assurances that he would be fully supported by

7    COGNOS and provided all resources and information reasonably related to his position

8    and responsibilities, and reasonably requested by him to perform his employment tasks and

9    duties.

10        23.    Defendant also orally represented to and assured plaintiff that it expected and

11    planned to elevate him to a higher management position within a short time after his

12    commencement of employment at COGNOS.  Additionally, after plaintiff commenced his

13    employment at COGNOS (through its predecessor, Applix), defendant orally represented to

14    plaintiff that there were no plans or decisions made with respect to the future role or

15    position of any of the existing managers in light of COGNOS's acquisition and absorption

16    of Applix, and that in any event plaintiff would be provided a position at COGNOS with

17    comparable duties, compensation and opportunities to those he had prior to COGNOS's

18    acquisition of Applix.

19        24.    Plaintiff is informed and believes, and thereon alleges, that the above

20    representations were false at the time they were made, and were made with knowledge of

21    their falsity by defendant COGNOS.

22        25.    Plaintiff reasonably and justifiably relied on the foregoing representations to

23    his detriment, and based on such reliance he left his former employer, forewent other

24    economic and employment opportunities, and failed to take further measures (including

25    contractual measures) to ensure his continued employment and advancement at COGNOS.

26

27

28

-6-

COMPLAINT

## FOURTH CAUSE OF ACTION
### (Wrongful Termination in Violation of Public Policy)

26.  Plaintiff realleges and incorporates by reference, as though fully set forth, the allegations in paragraphs 1 through 25 of the Complaint.

27.  At all relevant times herein mentioned, there existed fundamental and established public policies, as codified by statute, including, *inter alia*, the following policies and corresponding statutes: protection of citizens from fraud, as set forth in Civ. Code Sec. 1709;  protection of employees from misrepresentations in order to persuade them to relocate, set forth in Labor Code Sec. 970; and prohibition of unfair, unlawful or fraudulent business practices, set forth in Bus. & Prof. Code Sec. 17200, *et seq.*; and protection of employees' right to payment of compensation due and owing to them, set forth in Labor Code Sec. 200, *et seq.*

28.  Defendant COGNOS has violated the aforestated public policies by terminating plaintiff's employment, based, without limitation, on one or more of the following unlawful grounds: (1) fraudulent representations to plaintiff regarding his employment at COGNOS, and plaintiff's objections to them; (2) plaintiff's stated concerns, questions and attempted investigation regarding suspected unlawful or fraudulent business practices; and (3) to avoid defendant's obligations to pay plaintiff additional incentive compensation owing to plaintiff.

29.  As a direct and proximate result of defendants' wrongful termination of plaintiff's employment, in violation of the public policies of the State of California, plaintiff has suffered damages, including past and future lost income and benefits to which he was entitled in his prior position at COGNOS, and damages from humiliation, embarrassment, severe mental and emotional distress, and discomfort, in an amount to be determined at trial, but not less than $500,000.

30.  The foregoing acts of defendant were fraudulent, malicious, intentional and oppressive, and plaintiff is therefore entitled to an award of punitive damages against

-7-

COMPLAINT

1   defendant.

2       WHEREFORE, plaintiff requests a jury trial, and prays for relief as follows:

3       1. For general damages in an amount to be proved at trial, but not less than

4   $700,000;

5       2. For consequential and special damages, in an amount to be proved at trial;

6       3. For punitive damages;

7       4. For attorney's fees and costs of suit;

8       5. For such other and further relief as the Court may deem just and proper.

9

10

11              LAW OFFICES OF MICHAEL T. WELCH

12

13

14 Dated: May 3, 2008      By:

15             Michael T. Welch
             Attorney for Plaintiff
             RANDY ACRES

16

17

18

19

20

21

22

23

24

25

26

27

28

-8-

COMPLAINT



1    Mitchell F. Boomer (State Bar No. 121441)
     Cara Ching-Senaha (State Bar No. 209467)
2    JACKSON LEWIS LLP
     199 Fremont Street, 10th Floor
3    San Francisco, California 94105
     Telephone: (415) 394-9400
4    Facsimile: (415) 394-9401

5    Attorneys for Defendant
     COGNOS CORPORATION

6

7



8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              COUNTY OF SAN FRANCISCO – UNLIMITED CIVIL JURISDICTION

10

11   RANDY ACRES, an Individual,            Case No.  CGC-08-475517

12                 Plaintiff,               **DEFENDANT COGNOS**
                                            **CORPORATION'S ANSWER TO**
13        v.                                **PLAINTIFF RANDY ACRES'**
                                            **UNVERIFIED COMPLAINT**
14   COGNOS CORPORATION, a business entity;
     and DOES 1-25, inclusive,
15                                          Complaint Filed:   05/20/2008
                  Defendants.
16

17        Defendant COGNOS CORPORATION ("Defendant") answers the unverified Complaint

18   of Plaintiff RANDY ACRES ("Plaintiff") as follows:

19                                **GENERAL DENIAL**

20        Pursuant to Code of Civil Procedure section 431.40(d), Defendant denies, generally and

21   specifically, each and every allegation contained in Plaintiff's Complaint ("Complaint").

22   Defendant further denies, generally and specifically, that Plaintiff incurred any injury or damages

23   whatsoever as a result of Defendant's alleged conduct.

24                              **AFFIRMATIVE DEFENSES**

25        By way of affirmative defense to the allegations of the Complaint herein, Defendant

26   alleges as follows:

27                            **FIRST AFFIRMATIVE DEFENSE**

28        Plaintiff's Complaint is barred because his claim(s) are subject to the final, binding, and

                                            1
     DFDT COGNOS CORPORATION'S ANSWER TO PLTF'S UNVERIFIED CPLT   Case No. CGC-08-475517

1  exclusive arbitration procedure set forth in the Amended and Restated Retention Agreement

2  ("Retention Agreement"), which Plaintiff acknowledged and accepted in writing and which

3  became effective on or about September 4, 2007; therefore, this Court is not the proper forum for

4  resolution of the claim(s) alleged in his Complaint.

5                       **SECOND AFFIRMATIVE DEFENSE**

6          Plaintiff's claims are barred in whole or in part by the doctrine of waiver because Plaintiff

7  waived his right to pursue any alleged claims against Defendant in this Superior Court when he

8  agreed to the final, binding, and exclusive arbitration procedure set forth in the Amended and

9  Restated Retention Agreement ("Retention Agreement"), which Plaintiff acknowledged and

10 accepted in writing and which became effective on or about September 4, 2007; therefore, this

11 Court is not the proper forum for resolution of the claim(s) alleged in his Complaint.

12                      **THIRD AFFIRMATIVE DEFENSE**

13         Plaintiff is barred from seeking any recovery herein arising out of any employment

14 disputes with Defendant because he has violated the Amended and Restated Retention Agreement

15 ("Retention Agreement"), which Plaintiff acknowledged and accepted in writing and which

16 became effective on or about September 4, 2007, by filing the above-captioned lawsuit and thus

17 repudiating the mandatory arbitration remedy provided therein and failing to exhaust available

18 remedies pursuant to said Agreement.

19                      **FOURTH AFFIRMATIVE DEFENSE**

20         Plaintiff's Complaint, and each cause of action contained therein, fails to state facts

21 sufficient to constitute a cause of action upon which relief can be granted.

22                       **FIFTH AFFIRMATIVE DEFENSE**

23         Each and every one of Plaintiff's Causes of Action are barred because Plaintiff's

24 employment with Defendant had no specific term, and therefore was terminable at the will of

25 either party, for any or no reason, with or without prior notice, pursuant to California Labor Code

26 section 2922.

27 //

28

                                          2

1

2        **SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and each cause of action set forth therein, is barred in whole or in part on the grounds that, as to each and every purported oral, written, implied or other agreement alleged therein, conditions precedent necessary to the enforcement of any said agreement were not fulfilled and/or did not occur.

       **SEVENTH AFFIRMATIVE DEFENSE**

Any recovery on Plaintiff's Complaint for each and every purported oral, written, implied or other agreement alleged therein, is barred on the grounds that Defendant performed all of its obligations under any alleged contract.

       **EIGHTH AFFIRMATIVE DEFENSE**

Any recovery on Plaintiff's Complaint for breach of each and every purported oral, written, implied or other agreement or covenant is barred in whole or in part on the grounds that the terms of any purported agreement between Plaintiff and Defendant were materially breached and repudiated by Plaintiff, and Plaintiff is entitled to no relief upon such agreement.

       **NINTH AFFIRMATIVE DEFENSE**

Any recovery on Plaintiff's Complaint for breach of contract is barred because any contract upon which Plaintiff relies has been cancelled, superseded, exhausted and/or satisfied, and was not enforceable during Plaintiff's employment with Defendant.

       **TENTH AFFIRMATIVE DEFENSE**

Plaintiff's fraud and public policy claims are barred because he consented to all relevant terms of his employment.

       **ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and each cause of action pled therein, is barred in whole or in part by virtue of the fact that there was no meeting of the minds with respect to any alleged promises Plaintiff claims were not met by Defendant.

//

//

1

### TWELFTH AFFIRMATIVE DEFENSE

2

3   Plaintiff's Complaint, and each cause of action pled therein, is barred in whole or in part

4   due to lack of specificity and/or vagueness in the alleged promises Plaintiff claims were not met
by Defendant.

5

### THIRTEENTH AFFIRMATIVE DEFENSE

6

7   Defendant is informed and believes and thereupon alleges that Plaintiff should be barred
from recovering damages for lost wages, or any such recovery should be reduced, by virtue of

8   Plaintiff's failure to exercise reasonable diligence to mitigate his alleged damages.

9

### FOURTEENTH AFFIRMATIVE DEFENSE

10

11  Defendant alleges, on information and belief, that the Complaint, and all causes of action
contained therein, are barred by the doctrine of estoppel.

12

### FIFTEENTH AFFIRMATIVE DEFENSE

13

14  Plaintiff's prayer for punitive damages is barred by California Civil Code section 3294.
Defendant acted in good faith at all times relevant herein.  No acts attributed to Defendant were

15  taken with willfulness or malice.

16

### SIXTEENTH AFFIRMATIVE DEFENSE

17

18  Plaintiff's recovery is barred or reduced based upon the doctrine of after-acquired
evidence.

19

### SEVENTEENTH AFFIRMATIVE DEFENSE

20

Plaintiff did not work or reside in California when he worked for Defendant, and neither

21  any witnesses nor relevant documents are present in the State.   As such, if for any reason this

22  case should not proceed to arbitration, then the Court should not exercise jurisdiction over this

23  matter, which should be transferred on grounds of forum *non conveniens* to the State of

24  Massachusetts, where Defendant and multiple witnesses reside.

25      WHEREFORE, Defendant prays for judgment as follows:

26      1.      That Plaintiff take nothing by his Complaint;

27      2.      That the Complaint and each cause of action be dismissed in its entirety

28              with prejudice;

4

1   3. That the Court dismiss this action and, if Plaintiff chooses to continue

2     pursuing his claims, require he to do so through the Amended and Restated

3     Retention Agreement ("Retention Agreement"), which Agreement Plaintiff

4     acknowledged and accepted and which became effective on or about

5     September 4, 2007, which specifies for arbitration as provided therein; or,

6     alternatively, that this Court decline to exercise jurisidiction on grounds of

7     *forum non-conveniens*;

8   4. For cost of suit incurred herein, including reasonable attorney's fees, as and

9     where permitted by California law; and

10   5. For such other and further relief as the Court deems just and equitable.

11 Dated: August 12, 2008    JACKSON LEWIS LLP

12

13       By:

14         Mitchell F. Boomer
          Cara Ching-Senaha
          Attorneys for Defendant(s)
15         COGNOS CORPORATION

16 H:\I\IBM Corporate Litigation (40134)\Acres v Cognos (126586)\Pleadings\Answer CMC 072808 - final.doc

17

18

19

20

21

22

23

24

25

26

27

28

DFDT COGNOS CORPORATION'S ANSWER TO PLTF'S UNVERIFIED CPLT    Case No.  CGC-08-475517

1

## PROOF OF SERVICE

2       I, Cheryl K. Baltru, declare that I am employed with the law firm of Jackson Lewis

3 LLP, whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am

4 over the age of eighteen (18) years and am not a party to this action.

5       On August 12, 2008, I served the attached **DEFENDANT COGNOS**

6 **CORPORATION'S ANSWER TO PLAINTIFF RANDY ACRES' UNVERIFIED**

7 **COMPLAINT** in this action by placing a true and correct copy thereof, enclosed in a sealed

8 envelope addressed as follows:

9 Michael T. Welch
Law Offices of Michael T. Welch
10 Four Embarcadero Center, 39th Floor
San Francisco, CA 94111
11 Tel: 415-399-1500
Fax: 415-399-0445
12

13 [X]   <u>BY MAIL:</u>  United States Postal Service by placing sealed envelopes with the postage
14             thereon fully prepaid, placed for collection and mailing on this date, following ordinary
business practices, in the United States mail at San Francisco, California.  [( ) *Courtesy*
15             *copy by fax.*]

16 [ ]   <u>BY HAND DELIVERY:</u>  I caused such envelope(s) to be delivered by hand to the above
            address.

17 [ ]   <u>BY OVERNIGHT DELIVERY:</u>  I caused such envelope(s) to be delivered to the above
18             address within 24 hours by overnight delivery service.

19 [ ]   <u>BY FACSIMILE:</u>  I caused such document to be transmitted by facsimile from our fax
            number (415) 394-9401 to the fax number indicated above (by written agreement,
20             confirming letter dated and signed MM/DD/YY).

21       I declare under penalty of perjury under the laws of the State of California that the

22 above is true and correct.

23       Executed on August 12, 2008, at San Francisco, California.

24

25                        _____

26                          Cheryl K. Baltru

27

28

CASE NUMBER: CGC-08-475517  RANDY ACRES VS. COGNOS CORPORATION, A BUSINESS

## <u>NOTICE TO PLAINTIFF</u>

A Case Management Conference is set for:

| | | |
|---|---|---|
| DATE: | **OCT-17-2008** | |
| TIME: | **9:00AM** | |
| PLACE: | **Department 212** | |
| | **400 McAllister Street** | |
| | **San Francisco, CA 94102-3680** | |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management conference.**

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### <u>ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS</u>

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL. (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
400 MCALLISTER STREET, SAN FRANCISCO, CA 94102

| | |
|---|---|
| RANDY ACRES | Pretrial Department 212 |
| PLAINTIFF (S) | |
| VS. | CGC-08-475517 |
| COGNOS CORPORATION, A BUSINESS ENTITY et al | ORDER TO SHOW CAUSE RE: PROOF OF SERVICE |
| DEFENDANT (S) | |

TO: PLAINTIFF'S ATTORNEY OR PLAINTIFF IN PRO PER

You are hereby ordered to appear in Department 212, 400 McAllister St., on SEP-02-2008, at 9:00AM pursuant to San Francisco Uniform Local Rules 3.0C1 and CRC 3.110(b) to show cause why sanctions should not be imposed for failure to serve defendant(s) and file proof(s) of service within 60 days of the filing of the complaint.

You must file proof of service no later than one week before your appearance date.

You may call (415) 551-4000 after 12:00 Noon the day before the hearing to determine whether your compliance has taken the order to show cause off calendar

DATED:  AUG-06-2008

ARLENE T. BORICK

JUDGE/COMMISSIONER

ORDER TO SHOW CAUSE RE: PROOF OF SERVICE
Form 000350

## Certificate of Mailing

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on AUG-06-2008 I served the foregoing ORDER TO SHOW CAUSE RE: PROOF OF SERVICE on each counsel of record or party appearing in propria persona by causing a copy thereof to be enclosed in a postage paid sealed envelope and deposited in the United States Postal Service mail box located at 400 McAllister Street, San Francisco CA 94102-4514 pursuant to standard court practice.

Dated : AUG-06-2008                         By: DAVID YUEN

MICHAEL T. WELCH (122630)
LAW OFFICES OF MICHAEL T. WELCH
FOUR EMBARCADERO CENTER
39TH FLOOR
SAN FRANCISCO, CA  94111

MICHAEL T. WELCH (122630)
LAW OFFICES OF MICHAEL T. WELCH
FOUR EMBARCADERO CENTER
39TH FLOOR
SAN FRANCISCO, CA  94111

Form 000350

# Exhibit 2

JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

## I. (a) PLAINTIFFS

RANDY ACRES, an individual

### DEFENDANTS

COGNOS CORPORATION, a business entity;
and Does 1-25, inclusive,

**E-filing**

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

ATTORNEYS (IF KNOWN)
MITCHELL F. BOOMER (SBN 121441)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, CA  94105
415-394-9400

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For diversity cases only)                     AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from Another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 490 Cable/Satellite TV |
| ☐ 160 Stockholders Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence Habeas Corpus: | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (US Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 445 Amer w/ disab - Employment | ☐ 555 Prison Condition | | | ☐ 890 Other Statutory Actions |
| | ☐ 446 Amer w/ disab - Other | | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C. §1332 (a) and §1441.  Plaintiff claims domicile in California, Defendant is incorporated and its Mass. with

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION  DEMAND $ _____
UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ YES  ☒ NO

## VIII. RELATED CASE(S) IF ANY    PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AN "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE August 18, 2008

SIGNATURE OF ATTORNEY OF RECORD

NDC-JS44

1

## CERTIFICATE OF SERVICE

2    Case Name:    Randy Acres v. Cognos Corporation, et al.
     Case No.:    USDC-ND _____
3

4           I, Marianne Solano, declare that I am employed with the law firm of Jackson

5    Lewis LLP, whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I

6    am over the age of eighteen (18) years and am not a party to this action.

7           On August 18, 2008, I served the attached CIVIL COVER SHEET in this action

8    by placing a true and correct copy thereof, enclosed in a sealed envelope addressed as follows:

9    Michael T. Welch
     Law Offices of Michael T.Welch
10   Four Embarcdero Center, 39th Floor
     San Francisco CA  94111
11   415-399-1500 tel
     415-399-0445 fax

12   [ x ]    BY MAIL:  United States Postal Service by placing sealed envelopes with the postage
              thereon fully prepaid, placed for collection and mailing on this date, following ordinary
13            business practices, in the United States mail at San Francisco, California.  [(  ) *Courtesy*
              *copy by fax*.]
14

15   [ ]    BY HAND DELIVERY:  I caused such envelope(s) to be delivered by hand to the above
            address.
16

17   [ ]    BY OVERNIGHT DELIVERY:  I caused such envelope(s) to be delivered to the above
            address within 24 hours by overnight delivery service.
18

19   [ ]    BY FACSIMILE:  I caused such document to be transmitted by facsimile from our fax
            number (415) 394-9401 to the fax number indicated above (by written agreement,
20          confirming letter dated and signed MM/DD/YY).

21           I declare that I am employed in the office of a member of the bar of this Court at

22   whose direction the service was made.

23           Executed on August 18, 2008, at San Francisco, California.

24

25                                              _____
                                                     Marianne Solano
26

27

28

1  Mitchell F. Boomer (State Bar No. 121441)
   Cara Ching-Senaha (State Bar No. 209467)
2  JACKSON LEWIS LLP
   199 Fremont Street, 10th Floor
3  San Francisco, California 94105
   Telephone: (415) 394-9400
4  Facsimile: (415) 394-9401
   boomerm@jacksonlewis.com
5
   Attorneys for Defendant
6  COGNOS CORPORATION

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11 RANDY ACRES, an Individual,              Case No. CV 08 3926

12               Plaintiff,
                                            CERTIFICATE OF INTERESTED
13        v.                                ENTITIES [Civil Local Rule 3-16]

14 COGNOS CORPORATION, a business entity;
   and DOES 1-25, inclusive,               Complaint Filed:  05/20/2008
15
                 Defendants.
16

17

18 TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN

19 DISTRICT OF CALIFORNIA AND PLAINTIFF'S ATTORNEYS HEREIN:

20               On behalf of Defendant COGNOS CORPORATION (hereinafter "COGNOS"),

21 PLEASE TAKE NOTICE that pursuant to Civil Local Rule 3-16, the following listed persons,

22 associations of persons, firms, partnerships, corporations, or other entities, (i) have a financial

23 interest in the subject matter in controversy, or in a party to the proceeding, or (ii) have a non-

24 financial interest in that subject matter or in a party that could be substantially affected by the

25 outcome of the proceeding:

26 //

27 //

28 //

CERTIFICATE OF INTERESTED ENTITIES                    1
[Civil Local Rule 3-16]
                                                       U.S.D.C. Case No. _____

*Stamp: ORIGINAL FILED AUG 1 8 2008 RICHARD W. WIEKING CLERK U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA*

E-filing

1    Cognos Corporation, a Delaware corporation, is a wholly owned subsidiary of

2    International Business Machines Corporation, a New York corporation.

3    DATED: August 18, 2008                    Respectfully submitted,

4                                              JACKSON LEWIS LLP

5

6                                             By _Cara Ching-S_____

7                                             Mitchell F. Boomer
                                              Cara Ching-Senaha
8                                             Attorneys for Defendant
                                              COGNOS CORPORATION

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

CERTIFICATE OF INTERESTED ENTITIES
[Civil Local Rule 3-16]

2

U.S.D.C. Case No. _____

**CERTIFICATE OF SERVICE**

Case Name:    Randy Acres v. Cognos Corporation, et al.
Case No.:      USDC-ND _____

  I, Marianne Solano, declare that I am employed with the law firm of Jackson Lewis LLP, whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the age of eighteen (18) years and am not a party to this action.

  On August 18, 2008, I served the attached CERTIFICATE OF INTERESTED PARTIES in this action by placing a true and correct copy thereof, enclosed in a sealed envelope addressed as follows:

Michael T. Welch
Law Offices of Michael T.Welch
Four Embarcadero Center, 39th Floor
San Francisco CA  94111
415-399-1500 tel
415-399-0445 fax

[ x ] **BY MAIL:**  United States Postal Service by placing sealed envelopes with the postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.  [( ) *Courtesy copy by fax.*]

[ ] **BY HAND DELIVERY:**  I caused such envelope(s) to be delivered by hand to the above address.

[ ] **BY OVERNIGHT DELIVERY:**  I caused such envelope(s) to be delivered to the above address within 24 hours by overnight delivery service.

[ ] **BY FACSIMILE:**  I caused such document to be transmitted by facsimile from our fax number (415) 394-9401 to the fax number indicated above (by written agreement, confirming letter dated and signed MM/DD/YY).

  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

  Executed on August 18, 2008, at San Francisco, California.

_____
Marianne Solano